## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUDIE BRANDY,<br><br>                Plaintiff,<br><br>vs.<br><br>SPEEDEE MART SHELL,<br>DANCO VALENTINE S, LLC, and<br>JOHN DOES 1-2,<br><br>                Defendants. | 8:16CV70<br><br>ORDER |

      This matter is before the court after a review of the court file and pursuant to NECivR 41.2, which states in pertinent part: "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Further, Federal Rule of Civil Procedure 4(m) establishes a 90-day time limit for service of process on any defendant in a civil case, absent a showing of good cause. Specifically, the rule mandates:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

      In this case the complaint was filed on February 9, 2016. **See** Filing No. 1. On the same date, the plaintiff applied and was granted leave to proceed without prepayment of filing fees. **See** Filing Nos. 2 and 4. The plaintiff has taken no further action on her case. No further documents have been filed in this matter. The defendants have not made an appearance. Despite the plaintiff's *in forma pauperis* status, it remains the plaintiff's duty to go forward in prosecuting the case. In this case, the time for service elapsed on May 9, 2016. Under the circumstances, the plaintiff must make a showing of good cause for the failure of timely service or the action must be dismissed against the defendants. Upon consideration,

**IT IS ORDERED:**

The plaintiff has until the close of business on **May 31, 2016**, to file with the Clerk of Court evidence of service or show cause why this case should not be dismissed as against the defendants for failure to prosecute.

Dated this 12th day of May, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge