# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUDIE BRANDY,<br><br>                Plaintiff,<br><br>vs.<br><br>SPEEDEE MART SHELL,<br>DANCO VALENTINE S, LLC, and<br>JOHN DOES 1-2,<br><br>                Defendants. | 8:16CV70<br><br>FINDINGS AND<br>RECOMMENDATION |

This matter is before the court *sua sponte*. The plaintiff filed this action on February 9, 2016. **See** Filing No. 1. Although, on February 9, 2016, the court granted the plaintiff leave to proceed without prepaying filing fees and to have the United States Marshal Service serve the summonses and complaint, the plaintiff did not seek summonses. **See** Filing No. 4. On May 12, 2016, the court entered an order requiring the plaintiff to show cause why her action against the defendants should not be dismissed pursuant to NECivR 41.2 for failure to prosecute. **See** Filing No. 5. There is no evidence in the record the plaintiff served process on the defendants in accordance with Federal Rule of Civil Procedure 4(m). The defendants have not entered appearances or filed answers in this matter. The plaintiff has not filed any additional documents with the court. The court warned the plaintiff that failure to complete service and explain the delay in seeking service may result in the court dismissing the plaintiff's claims without further notice.

## ANALYSIS

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

**See** Fed. R. Civ. P. 4(m). The Eighth Circuit has long held dismissal for failure to prosecute is well within the court's discretion. **See Roberts v. Missouri Div. Of Employment**, 636 F.2d 249, 250 (8th Cir. 1980). Dismissal without prejudice is appropriate when service of the summons and complaint has not been made upon the defendant within the statutory period of days after filing of the complaint. **See** Fed. R. Civ. P. 4(m); **Bullock v. United States**, 160 F.3d 441, 442 (8th Cir. 1998) (per curiam) (affirming district court's dismissal without prejudice under Rule 4(m)); **see also Carmona v. Ross**, 376 F.3d 829, 830 (8th Cir. 2004) (dismissal affirmed where plaintiff given opportunity, failed to cure defect).

It remains the plaintiff's duty to go forward in prosecuting the case. Pursuant to NECivR 41.2: "At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution." Further, Fed. R. Civ. P. 4(m) establishes a 90-day time limit for service of process on defendants in a civil case, absent a showing of good cause. The court ordered the plaintiff to make a showing of her intent to proceed with this action or be subject to involuntary dismissal. The plaintiff did not respond to the court. The deadline for service of process expired. The plaintiff's failure to prosecute her claims subjects the plaintiff to dismissal of the complaint. **See** NECivR 41.2. Similarly, the plaintiff's failure to comply with this court's order subjects the plaintiff to dismissal of the complaint.

The Eighth Circuit explained the court's discretion to dismiss for failure to prosecute as follows:

> The Federal Rules of Civil Procedure permit dismissal with prejudice "[f]or failure of a plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). Despite the breadth of this language, however, we have recognized that dismissal with prejudice is an extreme sanction that should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay. This does not mean that the district court must find that the appellant acted in bad faith, but requires "only that he acted intentionally as opposed to accidentally or involuntarily."

**Hunt v. City of Minneapolis**, 203 F.3d 524, 527 (8th Cir. 2000) (citations omitted). The Eighth Circuit continued, noting the district court did not err in dismissing the action with prejudice after finding the plaintiff had "engaged in a persistent pattern of intentional

delay by willfully disregarding court orders and violating the Federal Rules." *Hunt*, 203 F.3d at 527-28. However, the Eighth Circuit has also noted "[d]ismissal with prejudice is an extreme sanction and should be used only in cases of wilful disobedience of a court order or . . . persistent failure to prosecute a complaint." *In re Popkin & Stern*, 196 F.3d 933, 938 (8th Cir. 1999) (citations omitted); see *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009). The court must initially consider "the egregiousness of the plaintiff's conduct" and, secondarily, "the adverse effect of the plaintiff's conduct on the defendant and on the administration of justice." *Otis v. Knudsen*, No. 05-489, 2008 WL 4949157, at *3 (D. Minn. Nov. 17, 2008) (**quoting** *Wright v. Sargent*, 869 F.2d 1175, 1176 (8th Cir. 1989)). Moreover, Federal Rule of Civil Procedure 16(f) authorizes sanctions "[i]f a party . . . (a) fails to appear at a scheduling or other pretrial conference; . . . or (c) fails to obey a scheduling or other pretrial order." In such circumstances, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" for sanctions.

In this case, the plaintiff has failed to serve the defendants. The plaintiff has not been diligent in accomplishing service. The deadline for service of process expired. The plaintiff has failed to maintain communication with the court. Such failure has already contributed to a delay in progressing this case to resolution. The plaintiff failed to comply with the court's order. The plaintiff has acted in a manner that interferes with the orderly processes of this court. Further, the undersigned magistrate judge finds the plaintiff's failure to comply with the court's orders interferes with the orderly administration of justice. Upon consideration,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

The plaintiff's complaint (Filing No. 1) be dismissed as to the defendants, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), NECivR 41.2, Fed. R. Civ. P. 37.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Findings and Recommendation shall be filed with the Clerk of the Court within fourteen (14) days after being served with

a copy of this Findings and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 20th day of June, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge